UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WFMC 2016-LC25 West Bay Area Boulevard, LLC,<br><br>    Plaintiff<br><br>            - against -<br><br>Cheryl Tyler,<br><br>    Defendant. | Case No. 1:21-cv-08865 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)

Defendant Cheryl Tyler ("Tyler" or the "Defendant"), by and through her undersigned attorneys, herby moves[1] to dismiss the claims against him in the Complaint filed by WFMC 2016-LC25 West Bay Area Boulevard, LLC (the "Lender" or "Plaintiff") in the above-captioned case for lack of personal jurisdiction pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Rules" and each a "Rule").  In support of the Motion to Dismiss (the "Motion"), Tyler respectfully states as follows:

### PRELIMINARY STATEMENT[2]

1.      Section 5–1402 of New York's General Obligations Law allows parties who lack New York contacts to use New York courts provided that the parties (i) have engaged in a

---

[1]   The Defendant appears in this proceeding for the special purpose of contesting jurisdiction without subjecting himself to the court's general jurisdiction.

[2]   The Plaintiff has commenced a lawsuit against William Kornbluth seeking to enforce a guaranty of the same Loan at issue in this case.  See Case No. 21-cv-6479.  Kornbluth filed a motion to dismiss the lawsuit on the same grounds that Tyler is seeking to dismiss this lawsuit.   Tyler hereby incorporates the arguments made by Kornbluth in connection with the motion to dismiss and the related reply.

transaction involving $1 million or more, (ii) agreed in their contract to submit to the jurisdiction of New York courts, and (iii) chosen to apply New York law to their contract. N.Y. Gen. Oblig. Law § 5-1402.

2.  Here, while the transaction involves more than $1 million and the parties agreed to submit to the jurisdiction of New York courts, the parties chose Texas law to apply to their contract. As a result, Section 5–1402 of New York's General Obligations Law is not satisfied and this Court has no personal jurisdiction over Tyler. Therefore, this action should be dismissed.

## BACKGROUND

3.  Kornbluth Texas, LLC, as borrower (the "Borrower"), executed a promissory note dated October 21, 2016 (the "Promissory Note") payable to Rialto Mortgage Finance, LLC, as lender ("Original Lender"), in the principal sum of Eight Million Three Hundred Fifty Thousand and No/100 Dollars ($8,350,000.00) (the "Loan"). In connection with this transaction, Borrower and Original Lender entered into a Loan Agreement dated as of October 21, 2016 (the "Loan Agreement").

4.  In connection with the Loan, Borrower granted Original Lender, pursuant to that certain Deed of Trust, Assignment of Leases and Rents and Security Agreement, dated as of October 21, 2016 (the "Deed of Trust"), a security interest in the real property and related improvements described in the Deed of Trust commonly known as Holiday Inn Webster located at 302 West Bay Area Boulevard, Webster, Texas 77598 (the "Real Property").

5.  In connection with the Loan, Defendant entered into a Guaranty of Recourse Obligations, dated as of October 21, 2016 (the "Guaranty"). The Guaranty provides in relevant part:

> THIS AGREEMENT AND THE OBLIGATIONS ARISING
> HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED

>IN ACCORDANCE WITH, ***THE LAWS OF THE STATE OF TEXAS*** APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.

Guaranty, § 4.9(a). The Guaranty also provides in relevant part:

>ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR GUARANTOR ARISING OUT OF OR RELATING ¶TO THIS GUARANTY SHALL AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, ***PURSUANT TO TITLE 14 SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW***, AND GUARANTOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND GUARANTOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING.

Guaranty, § 4.9(b). The Loan Agreement and the Promissory Note have the same choice of law and forum provisions as the Guaranty. *See* Loan Agreement, § 9.3, Promissory Note, Art. 9. The Promissory Note, the Loan Agreement and the Guaranty are attached to the Complaint as Exhibits A, B and C, respectively.

6. The Lender admits that Tyler is a non-resident of New York. *See* Complaint, ¶ 4 ("Tyler is a natural person domiciled Texas."). Tyler is a resident of Texas.

## ARGUMENT

7. "In ruling on a motion under Rule 12(b)(2), a district court must determine whether there is jurisdiction over the defendant under the relevant forum state's laws." *Grundstein v. Eide*, 598 F. App'x 45, 46 (2d Cir. 2015) *quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The plaintiff bears the burden of demonstrating that

3

jurisdiction exists. *Id. citing. Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

8. Section 5–1402 of New York's General Obligations Law provides in relevant part:

> [A]ny person may maintain an action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5-1401 and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state.

N.Y. Gen. Oblig. Law § 5-1402.

9. Here, neither the Guaranty, the Loan Agreement nor the Promissory Note apply New York law. Instead, they all apply Texas law. As a result, Section 5–1402 of New York's General Obligations Law, the forum's relevant law for establishing personal jurisdiction in this case, is not satisfied. Therefore, the Complaint should be dismissed against Tyler.

## CONCLUSION

Tyler respectfully requests that this Court enter an order dismissing the Complaint and provide such other relief which is just and proper.

Dated: November 23, 2021            Respectfully submitted,

*/s/ Charles M. Rubio*
PARKINS LEE & RUBIO LLP
Charles M. Rubio P.C.
NY Registration No. 4583134
50 Main Street, Suite 1000
White Plains, NY 10606
Email: crubio@parkinslee.com
Phone: 212-763-3331

*Counsel for Cheryl Tyler*

To: Attorneys for Plaintiff (via ECF)