UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WFCM 2016-LC25 WEST BAY AREA BOULEVARD, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>CHERYL TYLER,<br><br>　　Defendant. | No. 21-cv-8865<br><br>(Broderick, J.) |

# PLAINTIFF'S OPPOSITION TO
# DEFENDANT'S MOTION TO DISMISS

McDermott Will & Emery LLP

Guyon H. Knight
One Vanderbilt Avenue
New York, New York 10017

Debbie E. Green
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201

*Attorneys for Plaintiff
WFCM 2016-LC25 West Bay Area
Boulevard, LLC*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

      A.      Tyler Consents to Personal Jurisdiction in New York as Part of an $8.35 Million Loan. ..........................................................................................2

      B.      Borrower Defaults on the Loan, and Lender Seeks Recovery from Tyler Under the Guaranty. ...........................................................................3

STANDARD OF REVIEW ............................................................................................................4

ARGUMENT ..................................................................................................................................5

I.      Tyler Consented to Personal Jurisdiction in New York .......................................................5

II.     Tyler's Consent to Personal Jurisdiction Was Not Invalidated by the Guaranty's Reference to New York General Obligations Law § 5-1402 ..............................................8

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anders v. Verizon Commc'ns Inc.*,
   No. 16-cv-5654, 2018 WL 2727883 (S.D.N.Y. June 5, 2018) ................................................4

*Balestra v. ATBCOIN LLC*,
   380 F. Supp. 3d 340 (S.D.N.Y. 2019) ..................................................................................4

*BST Corp. v. M/V Elliott Bay*,
   443 F. Supp. 3d 436 (S.D.N.Y. 2020) ..................................................................................4

*Crewe v. Rich Dad Educ., LLC*,
   884 F. Supp. 2d 60 (S.D.N.Y. 2012) ....................................................................................6

*D.H. Blair & Co. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006) ....................................................................................................5

*Du Quenoy v. Am. Univ. of Beirut*,
   828 F. App'x 769 (2d Cir. 2020) ...........................................................................................8

*ErGo Media Cap., LLC v. Bluemner*,
   No. 15-cv-1377, 2015 WL 6442252 (S.D.N.Y. Oct. 23, 2015) ............................................6

*Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*,
   No. 09-cv-3573, 2010 WL 3743826 (S.D.N.Y. Sept. 24, 2010) ..........................................4

*Int'l Med. Tech., Inc. v. Lintech, LLC*,
   No. 98-cv-4794, 2000 WL 1449889 (S.D.N.Y. Sept. 25, 2000) ..........................................9

*IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*,
   982 N.E.2d 609 (N.Y. 2012) .................................................................................................9

*Kernan v. Kurz–Hastings, Inc.*,
   175 F.3d 236 (2d Cir. 1999) ..................................................................................................4

*Leviton Mfg. Co. v. Reeve*,
   942 F. Supp. 2d 244 (E.D.N.Y. 2013) ..................................................................................8

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ................................................................................................................ 5-6

*Magi XXI, Inc. v. Stato della Citta del Vaticano*,
   714 F.3d 714 (2d Cir. 2013) ..................................................................................................5

*Martinez v. Bloomberg LP*,
  740 F.3d 211 (2d Cir. 2014)..................................................................................................5, 7-8

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Worley*,
  690 N.Y.S.2d 57 (1st Dep't 1999) ...............................................................................................9

*NuMSP, LLC v. St. Etienne*,
  462 F. Supp. 3d 330 (S.D.N.Y. 2020)..........................................................................................5

*Phillips v. Audio Active Ltd.*,
  494 F.3d 378 (2d Cir. 2007).........................................................................................................5

*Pratt v. Atalian Global Servs. Inc.*,
  No. 20-cv-3710, 2020 WL 7028690 (S.D.N.Y. Nov. 30, 2020).......................................5, 9-10

*Republic Ins. Co. v. Silverton Elevators, Inc.*,
  493 S.W.2d 748 (Tex. 1973).......................................................................................................10

*Rescuecom Corp. v. Chumley*,
  522 F. Supp. 2d 429 (N.D.N.Y. 2007).........................................................................................6

*Signature Fin. LLC v. Neighbors Global Holdings, LLC*,
  281 F. Supp. 3d 438 (S.D.N.Y. 2017)......................................................................................6, 7

*Universal Grading Serv. v. eBay, Inc.*,
  No. 08-cv-3557, 2009 WL 2029796 (E.D.N.Y. June 10, 2009)...............................................6, 7

**Statutes & Rules**

Fed. R. Civ. P. 12(b)(2)......................................................................................................................1, 4

N.Y. General Obligations Law § 5-1401 ...........................................................................................9

N.Y. General Obligations Law § 5-1402 ................................................................................... *passim*

**Other Sources**

N.Y. Prac., Contract Law § 27:21......................................................................................................5

Plaintiff WFCM 2016-LC25 West Bay Area Boulevard, LLC ("Lender") respectfully submits this Opposition to the Motion to Dismiss (Dkt. 16) of Defendant Cheryl Tyler ("Tyler") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Tyler's Motion to Dismiss copies and pastes the arguments previously made by her co-guarantor, William Kornbluth ("Kornbluth"). *See* Mem. at 1 n.1; *WFCM 2016-LC25 W. Bay Area Blvd., LLC v. Kornbluth*, No. 21-cv-6479, Dkt. 10 (Motion to Dismiss) (S.D.N.Y. Sept. 8, 2021). Tyler's Motion fails for the same reasons as Kornbluth's. *See Kornbluth*, No. 21-cv-6479, Dkt. 12 (Opposition to Motion to Dismiss) (S.D.N.Y. Sept. 22, 2021). Just like Kornbluth, Tyler signed an irrevocable Guaranty in connection with a multi-million dollar loan made to Kornbluth Texas, LLC. Tyler agreed that any action to enforce the Guaranty "**SHALL AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK**…." Dkt. 1-3 ("Guaranty") § 4.9(b). Tyler also agreed to "**IRREVOCABLY SUBMIT[] TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING**." *Id.* Tyler now asks this Court to invalidate this binding forum-selection clause because it contains one inapplicable phrase: "**PURSUANT TO TITLE 14 SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW**." *Id.* Nothing in Tyler's four-page brief explains why one inapplicable phrase should invalidate her consent to personal jurisdiction in this Court. It does not. The forum-selection clause is enforceable under applicable law, and therefore, Tyler's Motion to Dismiss (just like Kornbluth's) should be denied.

## FACTUAL BACKGROUND

**A.     Tyler Consents to Personal Jurisdiction in New York as Part of an $8.35 Million Loan.**

In October 2016, Rialto Mortgage Finance, LLC ("Rialto"), a company headquartered in New York City, loaned $8.35 million to Kornbluth Texas, LLC ("Kornbluth Texas").  Compl. ¶ 7; Guaranty at 1.  Both parties to this multi-million dollar loan were sophisticated—Kornbluth Texas agreed that it was:

> represented by competent counsel in connection with the negotiation, drafting and execution of the Loan Documents [including the Guaranty] and that such Loan Documents shall not be subject to the principle of construing their meaning against the party which drafted same. Borrower acknowledges that, with respect to the Loan, Borrower shall rely solely on its own judgment and advisors in entering into the Loan without relying in any manner on any statements, representations or recommendations of Lender or any parent, subsidiary or Affiliate of Lender.

Dkt. 1-2 ("Loan Agreement") § 9.20; *id.* § 1.1.1, at 15 (defining Loan Documents).

Rialto would not have agreed to loan this money unless Tyler and her co-guarantor, Kornbluth, "unconditionally guarantee[d] payment and performance to Lender of the Guaranteed Obligations."  Guaranty at 1.  As a result, Tyler agreed to execute the Guaranty, under which she "irrevocably and unconditionally guarantee[d] to Lender and its successors and assigns the payment and performance of the Guaranteed Obligations as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise."  *Id.* § 1.1(a).  The Guaranty permits Rialto and its successors and assigns (together, "Lender") to "proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability hereunder or any portion thereof, without proceeding against Borrower or any other person…."  *Id.* § 1.9.  The Guaranty also specifies that the "obligations" of Tyler and Kornbluth "shall be joint and several."  *Id.* § 4.4.

As part of the Guaranty, Tyler agreed that all actions to enforce the Guaranty would be brought in New York City, and further agreed that she would waive her objection to that venue and submit to the jurisdiction of a New York court. *See id.* § 4.9(b). Specifically, Tyler agreed that:

> **ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR GUARANTOR ARISING OUT OF OR RELATING TO THIS GUARANTY SHALL AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO TITLE 14 SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND GUARANTOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND GUARANTOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING.**

*Id.* (bold and all-caps in original). The selection of New York as the forum for any action was not accidental. The Guaranty states that Rialto has its "address at 600 Madison Avenue, 12th Floor, New York, New York 10022." *Id.* at 1. And identical New York forum-selection clauses were included in the Loan Agreement and Note evidencing the loan. *See* Loan Agreement § 9.3(b); Dkt. 1-1 ("Note"), Art. 9(B).

### B.   Borrower Defaults on the Loan, and Lender Seeks Recovery from Tyler Under the Guaranty.

Beginning in December 2020, Kornbluth Texas stopped making any monthly debt service payments owed to Lender. Compl. ¶ 29. Kornbluth Texas currently owes Lender more than $9.52 million. *Id.* ¶ 35. Kornbluth Texas has also breached the Loan Agreement in ways that trigger Tyler's obligations under the Guaranty, thus giving Lender the right to proceed directly against her for the full amount owed by Kornbluth Texas. *Id.* ¶¶ 28-37. On October 29, 2021, Lender exercised that right by filing this suit in New York. On November 5, 2021, Lender moved for

3

summary judgment against Tyler based on the unambiguous language of the Guaranty. Dkt. 10. To date, Tyler has not filed any response to Lender's Motion for Summary Judgment.

In her Motion to Dismiss, Tyler notably does not contest any of the substantive allegations of Kornbluth Texas's default or Tyler's personal liability under the Guaranty. Instead, Tyler has moved to dismiss the Complaint based solely on a purported lack of personal jurisdiction.

## STANDARD OF REVIEW

"When a defendant moves for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Anders v. Verizon Commc'ns Inc.*, No. 16-cv-5654, 2018 WL 2727883, at *5 (S.D.N.Y. June 5, 2018) (Broderick, J.) (citing *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999)). The Court considers both the complaint and "materials outside the pleadings when deciding a motion to dismiss for lack of personal jurisdiction." *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 349 (S.D.N.Y. 2019) (Broderick, J.).

A motion under Rule 12(b)(2) ordinarily "requires a two-step analysis" that considers the state long-arm statute and due process factors. *Id.* "Where an agreement contains a valid and enforceable forum selection clause, however, it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process." *Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09-cv-3573, 2010 WL 3743826, at *4 (S.D.N.Y. Sept. 24, 2010). "This is so because an enforceable forum selection clause amounts to consent to personal jurisdiction." *BST Corp. v. M/V Elliott Bay*, 443 F. Supp. 3d 436, 442 (S.D.N.Y. 2020) (internal quotation marks omitted).

**ARGUMENT**

**I.     TYLER CONSENTED TO PERSONAL JURISDICTION IN NEW YORK.**

It is well-established that "[p]arties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). That is exactly what Tyler did in the Guaranty, where she agreed that Lender could bring any suit to enforce the Guaranty in New York County, and further consented to jurisdiction in New York in any such suit. This forum-selection clause is enforceable, and Tyler has not raised any arguments to the contrary.

Although Tyler argues that New York law should be considered for "establishing personal jurisdiction in this case" (Mem. at 4), in fact, "federal law applies to the interpretation of forum selection clauses in diversity cases." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 721 (2d Cir. 2013); *see also NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020) ("[E]nforcement of these forum selection clauses is governed by federal law."); 28A N.Y. Prac., Contract Law § 27:21 ("Because forum selection clauses are viewed as procedural rather than substantive, a federal court will apply federal law to the enforcement and interpretation of the clause."). Under federal law, "[w]here a forum-selection clause (1) was 'reasonably communicated to the resisting party'; (2) 'is mandatory'; and (3) 'encompasses the claims and parties at issue,' there is a presumption that such a clause is valid and enforceable." *Pratt v. Atalian Global Servs. Inc.*, No. 20-cv-3710, 2020 WL 7028690, at *18 (S.D.N.Y. Nov. 30, 2020) (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 227 (2d Cir. 2014)). If these elements are satisfied, the forum-selection clause is "presumptively enforceable," and the burden shifts to the resisting party to make "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1,

5

15 (1972)). The forum-selection clause in the Guaranty satisfies each of these requirements and is therefore presumptively enforceable.

First, the forum-selection clause was reasonably communicated to Tyler. The forum-selection clause is contained in its own paragraph in the eight-page Guaranty and is printed in all-caps and bold font. *See* Guaranty § 4.9(b). Courts have enforced forum-selection clauses under similar circumstances. *See, e.g.*, *Crewe v. Rich Dad Educ., LLC*, 884 F. Supp. 2d 60, 87 (S.D.N.Y. 2012) ("The forum selection clauses in both contracts are written in plain language; each is preceded by headers in bold and capital letters."); *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 445 (N.D.N.Y. 2007) (finding clause reasonably communicated where, in part, "the Agreement was only 57 pages long, and the jurisdiction-selection clause was stated in all capital letters and in bold font"). And Tyler "is presumed to have read, understood and agreed to be bound by all terms, including the forum selection clauses." *ErGo Media Cap., LLC v. Bluemner*, No. 15-cv-1377, 2015 WL 6442252, at *4 (S.D.N.Y. Oct. 23, 2015) (internal quotation marks omitted).

Second, the forum-selection clause is mandatory. The clause provides that actions "**<u>SHALL</u> AT LENDER'S OPTION BE INSTITUTED**" in New York, and "**GUARANTOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING**." Guaranty § 4.9(b) (underlining added); *see, e.g.*, *Universal Grading Serv. v. eBay, Inc.*, No. 08-cv-3557, 2009 WL 2029796, at *13 (E.D.N.Y. June 10, 2009) (enforcing forum-selection clause and stating that the "term 'shall' connotes a mandatory nature"). That the forum-selection clause gives Lender (and only Lender) the option to bring suit elsewhere is of no moment. Tyler unequivocally agreed to submit to the jurisdiction of any New York County state or federal court chosen by Lender, and her agreement is enforceable. For example, under analogous circumstances, the court in *Signature Financial LLC v. Neighbors*

*Global Holdings, LLC*, 281 F. Supp. 3d 438 (S.D.N.Y. 2017), interpreted a similar clause in a lease agreement as mandatory. The forum selection clause in *Signature Financial* provided:

> If the lessor … shall commence any judicial proceeding in relation to any matter arising under a lease, lessee irrevocably agrees that any such matter may be adjudged or determined in any court or courts in the state of lessor's … principal place of business, or any court or courts in the lessee's state of residence, *or in any other court having jurisdiction over the lessee or the lessee's assets, all at the sole discretion of the lessor*. Lessee hereby irrevocably submits generally and unconditionally to the jurisdiction of any such court so elected by lessor in relation to such matters.

*Id.* at 442 (emphasis added; formatting omitted). The court concluded that the clause was mandatory because "though the clause allows [lessor] to choose between [] options [of venues], this does not make it 'permissive,' as defendants argue, because it still requires the lessee to submit to jurisdiction in whichever forum [lessor] chooses." *Id.* at 447-48 (citation omitted); *see also Universal Grading*, 2009 WL 2029796, at *14 (finding clause mandatory even though it gave parties choice of dispute resolution procedures).

Third, the forum-selection clause encompasses the claim at issue. The clause applies to "**ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR GUARANTOR ARISING OUT OF OR RELATING TO THIS GUARANTY.**" Guaranty § 4.9(b). This suit has been brought by Lender against Tyler to enforce the Guaranty itself, and therefore arises out of and is related to the Guaranty.

Thus, because all three of these elements are satisfied, the burden shifts to Tyler to make a sufficiently strong showing that the clause should not be enforced. Courts will only decline enforcement of presumptively valid forum-selection clauses under the following circumstances:

> (1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.

*Martinez*, 740 F.3d at 228 (internal quotation marks omitted).  However, "[t]hese exceptions are interpreted narrowly," and rarely satisfied.  *Du Quenoy v. Am. Univ. of Beirut*, 828 F. App'x 769, 771 (2d Cir. 2020) (internal quotation marks omitted).

Tyler's perfunctory motion to dismiss is insufficient to overcome the presumption of enforceability.  It is devoid of any argument other than that General Obligations Law § 5-1402 is not satisfied.  Moreover, none of the four exceptions apply.  The inclusion of the forum-selection clause in the Guaranty and other Loan Documents was not fraud or overreaching, particularly as the Borrower was "represented by competent counsel in connection with the negotiation, drafting and execution of the Loan Documents," and agreed to "rely solely on its own judgment and advisors in entering into the Loan without relying in any manner on any statements, representations or recommendations of Lender."  Loan Agreement § 9.20.  There is nothing fundamentally unfair about applying Texas law in this forum.  There is no strong public policy in New York against enforcing New York forum-selection clauses.  And trial in this forum (even if it were to happen given that Lender has already moved for summary judgment) will not effectively deprive Tyler of her day in court.  "The fact that it may pose a burden to [Tyler] in order to litigate in New York is of no consequence."  *Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244, 264 (E.D.N.Y. 2013) (enforcing forum-selection clause).

## II. TYLER'S CONSENT TO PERSONAL JURISDICTION WAS NOT INVALIDATED BY THE GUARANTY'S REFERENCE TO NEW YORK GENERAL OBLIGATIONS LAW § 5-1402.

Tyler ignores all of the relevant factors in her motion to dismiss, and instead focuses entirely on one phrase in the forum-selection clause: "**PURSUANT TO TITLE 14 SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW**…."  Guaranty § 4.9(b).  According to Tyler, this single phrase is the only portion of the forum-selection clause that should

be given effect, and because General Obligations Law § 5-1402 "is not satisfied … the Complaint should be dismissed." Mem. at 4.  Tyler is wrong.

As an initial matter, General Obligations Law § 5-1402 is relevant to personal jurisdiction in New York state courts, not federal court.  *See Int'l Med. Tech., Inc. v. Lintech, LLC*, No. 98-cv-4794, 2000 WL 1449889, at *1 (S.D.N.Y. Sept. 25, 2000).  It was enacted to "allow suit to be brought in the New York state courts to enforce large commercial agreements regardless of the lack of any jurisdictional contacts with the State of New York and the New York law to be applied." *Id.* (internal quotation marks omitted); *see also IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*, 982 N.E.2d 609, 612 (N.Y. 2012) (explaining that General Obligations Law § 5-1402 "opened New York courts up to parties who lacked New York contacts but who had (1) engaged in a transaction involving $1 million or more, (2) agreed in their contract to submit to the jurisdiction of New York courts, and (3) chosen to apply New York law pursuant to General Obligations Law § 5-1401.").  Rather, as demonstrated above, federal law determines whether a forum selection clause in federal court is enforceable, and here, the forum-selection clause amply satisfies the requirements of federal law for enforceability.  Moreover, despite Tyler's suggestion to the contrary, even in New York state courts, section 5-1402 "is not a limitation on the use and effectiveness of forum selection clauses." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Worley*, 690 N.Y.S.2d 57, 59 (1st Dep't 1999).  Indeed, the statute itself states that "[n]othing contained in this section shall be construed to affect the enforcement of any provision respecting choice of forum in any other contract, agreement or undertaking." N.Y. Gen. Oblig. Law § 5-1402(2).  Accordingly, New York federal courts routinely enforce New York forum-selection clauses that do not conform to section 5-1402.  *See, e.g.*, *Pratt*, 2020 WL 7028690, at *18-20 (holding that

New York forum-selection clause was enforceable and established personal jurisdiction over the defendant even though forum-selection clause designated Delaware law).

Tyler does not explain why the phrase she singles out should cancel out the rest of the Guaranty's enforceable forum-selection clause. She cannot, because it does not. Although section 5-1402 establishes the enforceability of a forum selection clause in New York state courts over parties and disputes that might otherwise have no connection to New York, citing to the statute is not required to maintain suit under section 5-1402 in New York state courts. The parties' reference to the statute in the Guaranty is thus surplusage. Under Texas law, which governs the interpretation of the Guaranty, such surplusage cannot invalidate an enforceable provision; it is simply disregarded. *See Republic Ins. Co. v. Silverton Elevators, Inc.*, 493 S.W.2d 748, 753 (Tex. 1973) ("Since the phrase is inapplicable and meaningless surplusage in the policy issued to [the corporate policyholder], it should be disregarded instead of applied in a manner so inconsistent with the rest of the policy as to defeat all coverage of household goods…."). Accordingly, because the phrase in the forum-selection clause "**PURSUANT TO TITLE 14 SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW**" is meaningless surplusage that does not apply to the issue here—which is whether the forum selection clause is enforceable in this Court—there is no basis for the Court to strike the forum-selection clause as a whole, as Tyler demands.

## CONCLUSION

WHEREFORE, Lender respectfully requests that this Court deny Tyler's Motion to Dismiss and grant it such other and further relief as this Court deems just and appropriate.

Dated:   December 1, 2021

                                 */s/ Debbie E. Green*
                                 Guyon H. Knight
                                 McDermott Will & Emery LLP
                                 One Vanderbilt Avenue
                                 New York, New York 10017
                                 Tel.: (212) 547-5400
                                 gknight@mwe.com

                                 Debbie E. Green
                                 McDermott Will & Emery LLP
                                 2501 North Harwood Street, Suite 1900
                                 Dallas, Texas 75201
                                 Telephone: (469) 715-4979
                                 dgreen@mwe.com

                                 *Attorneys for Plaintiff*
                                 *WFCM 2016-LC25 West Bay Area*
                                 *Boulevard, LLC*