```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
WFMC 2016-LC25 WEST BAY AREA                                :
BOULEVARD LLC,                                              :
                                                            :
                              Plaintiff,                    :     21-CV-8865 (VSB)
                                                            :
             -against-                                      :     OPINION & ORDER
                                                            :
CHERYL TYLER,                                               :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me is a motion to reconsider my decision that Defendant Cheryl Tyler ("Tyler") abandoned her motion made pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the pleadings against her for lack of personal jurisdiction. (Doc. 27.) Because Tyler timely notified me that she did not intend to abandon her motion, Tyler's motion to reconsider is GRANTED, and because I find that personal jurisdiction exists, Tyler's motion to motion to dismiss for lack of personal jurisdiction is DENIED.

## I. Factual Background and Procedural History[1]

Plaintiff WFCM 2016-LC25 West Bay Area Boulevard, LLC ("Plaintiff" or "West Bay") seeks to recover against Tyler under a guaranty agreement (the "Guaranty"). (Doc. 1 ("Compl.").) West Bay alleges that Tyler signed the Guaranty along with a co-guarantor, William Kornbluth ("Kornbluth), (*id.* ¶ 17; *see also* Compl. Ex. C ("Guaranty")), and that Tyler

---

[1] This section sets forth the factual allegations contained in Plaintiff's pleadings that are relevant to the instant motion. I construe Plaintiff's pleadings in the light most favorable to Plaintiff. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). However, my reference to these allegations should not be construed as a finding on their veracity, and I make no such findings.

failed to respond to a demand for payment under the Guaranty and is in default of her obligations, (*id.* ¶¶ 32–35). Section 4.9(b) of the Guaranty states

> Any legal suit, action or proceeding against lender or guarantor arising out of or relating to this Guaranty shall . . . be instituted in any federal or state court in the City of New York . . . and guarantor waives any objections which it may now or hereafter have based on venue . . . and guarantor hereby irrevocably submits to the jurisdiction of any such court in any suit, action, or proceeding.

(Guaranty Ex. C. § 4.9(b) (some capitalization removed).)

Plaintiff originally sought recovery on the Guaranty by filing suit against Kornbluth in a separate action pending before me (the "Kornbluth Action"). (Kornbluth Doc. 1.)[2] In that action, Kornbluth filed a motion to dismiss West Bay's complaint for lack of personal jurisdiction on September 8, 2021. (Kornbluth Doc. 10.) West Bay opposed the motion on September 22, 2021, (Kornbluth Doc. 12), and Kornbluth replied on September 29, 2021, (Kornbluth Doc. 13).

West Bay filed this suit against Tyler on October 29, 2021. It moved for summary judgment to recover on the Guaranty on November 5, 2021. (Doc. 10.) On December 12, 2021, I consolidated this action with Kornbluth Action. (Doc. 21.) On November 23, 2021, Tyler filed a motion to dismiss the complaint for lack of personal jurisdiction (the "Tyler PJ Motion"). (Doc. 16.) The brief in support of the Tyler PJ Motion is nearly identical to the one filed by Kornbluth in support of his motion to dismiss for lack of personal jurisdiction, and both Kornbluth and Tyler filed their motions through the same counsel. (*Compare* Doc. 17 ("PJ Br."), *with* Kornbluth Doc. 11.) West Bay opposed the Tyler PJ Motion on December 1, 2021, (Doc. 18), and Tyler replied on December 8, 2021, (Doc. 20).

---

[2] "Kornbluth Doc." refers to docket entries in *WFCM 2016-LC25 West Bay Area Boulevard, LLC v. Kornbluth*, 21-cv-6479 (VSB) (S.D.N.Y.).

On December 10, 2021, Kornbluth's counsel informed me that Kornbluth had passed away. (Kornbluth Doc. 27.) West Bay thus sought to dismiss Kornbluth as a defendant. (Kornbluth Doc. 29.) I so-ordered Kornbluth's dismissal and stayed the Kornbluth Action, (Kornbluth Doc. 30).

On January 26, 2022, the parties informed me that they regarded all briefing on the pending motion for summary judgment and the Tyler PJ Motion as complete, and that, following resolution of the motion for summary judgment, the parties would seek to file "further briefing on damages." (Doc. 24.) Given this, I thought Tyler planned litigate this action on the merits, so I deemed the Tyler PJ Motion abandoned on January 31, 2022. (Doc. 25 (citations omitted).)

On February 3, 2022, Tyler filed a motion to reconsider my deeming her motion to dismiss as having been abandoned. (Doc. 27.)

## II.  Legal Standards

### A.  *Motion for Reconsideration*

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)). "Generally, a party seeking reconsideration must show either an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116 (VSB), 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (cleaned up). A motion for reconsideration "is not a vehicle for

3

relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks omitted). "Rather, 'the standard for granting [the motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, 06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### B. *Rule 12(b)(2)*

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 93–102 (1998)). However, a court may "turn[] directly to personal jurisdiction" to dismiss an action where it faces "a straightforward personal jurisdiction issue presenting no complex question of state law."

4

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).  Moreover, "[a]lthough [courts] traditionally treat personal jurisdiction as a threshold question to be addressed prior to consideration of the merits of a claim, that practice is prudential and does not reflect a restriction on the power of the courts to address legal issues" on the merits.  *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 498 n.6 (2d Cir. 2013) (internal citation omitted).

    A plaintiff opposing a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  To defeat a jurisdiction-testing motion, the plaintiff's burden of proof "varies depending on the procedural posture of the litigation."  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  Prior to an evidentiary hearing, a plaintiff need only make a prima facie showing that jurisdiction exists.  *Id.* at 84–85; *see also Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.") (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)).  "This showing may be made through materials outside the pleadings, such as affidavits submitted by parties." *S. Oil of Louisiana Inc. v. Saberioon*, No. 19CV9622VSBDCF, 2021 WL 5180056, at *3 (S.D.N.Y. Nov. 8, 2021) (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)).

    If the court considers pleadings and affidavits submitted by the parties, the plaintiff's

"prima facie showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). A plaintiff's averments "must be taken as true to the extent they are uncontroverted by the defendant's" submissions. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)). If the parties present conflicting affidavits, however, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport Wiking*, 989 F.2d at 580 (citation omitted).

"The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements:" (1) "procedurally proper" "service of process;" (2) "a statutory basis for personal jurisdiction that renders such service of process effective;" and (3) "exercise of personal jurisdiction must comport with constitutional due process principles." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012).

### III. Discussion

As an initial matter, Tyler's motion to reconsider is granted. "A district court" always has "inherent authority" to "reconsider its own interlocutory orders," even "*sua sponte*." *See Schiff v. Yayi Int'l Inc.*, 15-CV-359 (VSB), 2020 WL 3893345, at *3 (S.D.N.Y. July 9, 2020) (alteration marks and citation omitted); *see also United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir. 1982). Here, Tyler promptly informed me that she did not intend to abandon the Tyler PJ Motion. Because she did not intend to abandon the Tyler PJ Motion, there is sufficient reason

for me to exercise my authority to assess the fully briefed Tyler PJ Motion as part of this motion for reconsideration.

"A court may . . . exercise personal jurisdiction over a defendant who has consented to" the court's jurisdiction. *Zim Integrated Shipping Servs. Ltd. v. Bellwether Design Techs. LLC*, 19-CV-3444 (VSB), 2020 WL 5503557, at *5 (S.D.N.Y. Sept. 10, 2020) (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016). "Parties can consent to personal jurisdiction through forum-selection clauses in contracts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006).

Here, Tyler consented to jurisdiction. The Guaranty states that Tyler, as "guarantor . . . irrevocably submits to the jurisdiction of any . . . court" in "the City of New York" in which West Bay may bring suit related to the Guaranty. (Guaranty § 4.9(b) (some capitalization removed).) Tyler's signature is on the Guaranty under a line reading "Guarantor has duly executed this Guaranty." (*Id.* at 10.) This is enough to establish personal jurisdiction over Tyler.

Tyler's sole argument against personal jurisdiction is that the conditions of New York General Obligations Law § 5-1402 are not met.[3] This statute provides that, "[n]otwithstanding any act which limits or affects the right of a person to maintain an action or proceeding . . . any person may maintain an action or proceeding against a . . . non-resident" of New York when certain terms are satisfied, including that a contract includes a "choice of New York law" clause. *See* N.Y. Gen. Oblig. Law § 5-1402(1). Tyler argues that the Guaranty calls for Texas law to be applied, which means the General Obligations Law statute is not triggered, and therefore, she says, that there cannot be "personal jurisdiction" over her. (PJ Br. 4.)

---

[3] Tyler raises other arguments in her reply brief, (Doc. 20); however, I decline to reach those arguments because "arguments raised for the first time in a reply brief are waived." *Benchmark Invs., Inc. v. PAVmed Inc.*, 20-CV-10888 (VSB), 2021 WL 5967918, at *3 n.3 (S.D.N.Y. Dec. 16, 2021) (internal quotation marks and citation omitted).

Tyler's argument is wholly without merit. Among other things, the statute in question itself makes clear that "[n]othing contained in this section shall be construed to affect the enforcement of any provision respecting choice of forum in any other contract, agreement or undertaking." § 5-1402(2). In other words, section 5-1402 has no bearing on a contract that otherwise establishes personal jurisdiction through a "choice of forum" clause. Furthermore, Tyler's argument has no basis in law or logic. The underlying premise is that, because section 5-1402 creates conditions where personal jurisdiction is proper, if section 5-1402 is not satisfied, personal jurisdiction cannot be proper. This conflates a sufficient condition with a necessary one and Tyler offers no explanation or case law in support of her position.

### IV.     Conclusion

Tyler's motion for reconsideration is GRANTED, and her motion to dismiss for lack of personal jurisdiction is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Doc. 27.

SO ORDERED.

Dated: December 7, 2022
       New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge