UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WFCM 2016-LC25 WEST BAY AREA BOULEVARD, LLC,<br><br>    Plaintiff,<br><br>          - against -<br><br>CHERYL TYLER,<br><br>    Defendant. | No. 21-cv-8865<br><br>(Broderick, J.) |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information during the discovery phase of this action that may contain confidential, private, proprietary, and/or trade secret or other sensitive business information;

WHEREAS, the disclosure of such confidential information could, among other things, violate a party's privacy interests and/or place a party at a serious competitive disadvantage in the marketplace; and

WHEREAS, the parties wish to provide a mechanism for the exchange of confidential information in a manner that will protect its confidentiality and limit its dissemination.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective attorneys of record, and subject to the approval of the Court, as follows:

1. This Confidentiality Agreement shall govern all documents, things, and information produced or provided by the parties, non-parties, and their respective representatives in the above-captioned case that are designated "CONFIDENTIAL" pursuant to paragraph 2, and any copies, summaries, pleadings, transcripts, or other documents containing quotations or

1

references thereto or information contained therein. Without prejudice to the right of a party to object to the production of the following information or of a party to seek production, the information subject to such designation shall include the producing party's:

    a) Current or past business planning and financial information;

    b) Operating statements or reports;

    c) Trade secrets;

    d) Past or current personnel or employee information;

    e) Corporate financial statements;

    f) Current and past marketing plans or methods;

    g) Financial information not publicly filed with any federal or state regulatory authorities;

    h) Confidential or sensitive customer information; and

    i) Other confidential information the disclosure of which is likely to cause competitive or commercial injury to the producing party

(collectively hereinafter referred to as "Confidential Information"). By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.

    2.    Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number. It shall be the duty of the party or non-party who contends that materials are to be treated as "CONFIDENTIAL" to mark such information with the legend "CONFIDENTIAL."

3. Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Each party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential Information.

4. All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations of it.

5. Information designated as "CONFIDENTIAL" may be used only for purposes of prosecuting or defending this action, including mediation, arbitration, other settlement proceedings or negotiations or for appeal, and may not be disclosed to any person other than:

 a) The parties' in-house counsel and paralegals, legal assistants, clerical, secretarial, and other staff employed or retained by the Parties' in-house counsel;

 b) The parties' outside counsel and co-outside counsel, and the paralegals, legal assistants, clerical, secretarial, and other staff employed or retained by the parties' outside counsel and co-outside counsel;

 c) The parties and any of their officers, directors and employees who are assisting counsel in this litigation;

 d) Court Reporters and videographers while in the performance of their official duties;

 e) Independent expert(s) and/or consultant(s) retained by or associated with any party in order to assist that party's counsel in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed

      necessary by such counsel for the performance of such assistance, and that such expert(s) or consultant(s) may retain Confidential Information only so long as is necessary for the performance of such assistance and may use such information only for providing assistance to counsel in this action; and provided that, in any event, all copies of any information designated as "CONFIDENTIAL" shall be returned by the expert or consultant to the producing Party or destroyed not later than sixty (60) days after the termination of this litigation, whether by settlement, judgment, or appeal;

f) This Court or a referee or any other Court-appointed person before whom or which this litigation is pending, including any court personnel, and/or any other person and/or entity as ordered by the Court;

g) The person(s) who authored the Confidential Information, or who received such Confidential Information in the ordinary course of business;

h) Witnesses and deponents;

i) Mediators, and/or any other neutrals, appointed to conduct any settlement proceedings or negotiations between the parties; and

j) Such persons as the undersigned counsel shall consent to in writing before the proposed disclosure, or

Except as may be required of WFCM 2016-LC25 West Bay Area Boulevard, LLC as part of its reporting responsibilities.

      6.    Any copies of information designated as "CONFIDENTIAL" shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all persons to whom such information is disclosed shall take reasonable and appropriate

precautions to avoid loss and/or inadvertent disclosure of such material.

7. Disclosure of Confidential Information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief and damages

8. Prior to the disclosure of any information designated as "CONFIDENTIAL" to any person identified in paragraphs 6(d), (e), (h), (i), or (j) herein, such person shall be furnished with a copy of this Protective Order and shall be required to execute the certificate attached as **Exhibit A** hereto. Counsel for the party disclosing Confidential Information shall maintain these written certifications, and they shall be available to opposing counsel for inspection and copying. In the event that disclosure is made to an undisclosed expert or consultant retained by that party in connection with the litigation, the identity of the undisclosed expert is that party attorney's work product and need not be disclosed to opposing counsel even though the expert or consultant signs a written certification; provided, however, that the written certifications executed by undisclosed experts or consultants shall be made available to opposing counsel for inspection and copying at the earliest of (a) the date on which such expert or consultant has been disclosed or (b) within 60 days after termination of this litigation, whether by settlement, judgment or appeal.

9. Insofar as anyone who is not a party produces documents to one or more of the parties, any party can designate such documents as being "CONFIDENTIAL" within thirty (30) days of that party's receipt of such documents. To the extent that any party is requested to produce, through pretrial discovery or otherwise, Confidential Information of any person or entity that is a non-party, this Protective Order will not be construed to require any party to disclose such party's or non-party's Confidential Information in this action. However, it shall be the duty of the designating party to move for a Protective Order to prevent such disclosure.

10. In the event that any Confidential Information is used in any Court proceeding, the information shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use. Any party seeking to use documents, transcripts or other materials containing or reflecting Confidential Information shall file a motion or an application for an order sealing the specific record sought to be filed or lodged with the Court.

11. Any designation of deposition testimony as "CONFIDENTIAL" shall be made at the time such testimony is given or within thirty (30) days after the parties' and/or deponent's receipt of a transcript of such proceedings, whichever is later. When the transcripts of testimony designated as being "CONFIDENTIAL" are prepared, the reporter shall place the following legend on the cover of the transcript: "Certain portions of this transcript contain Confidential Information."

12. Except as otherwise provided, nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any material produced or provided by that party, including Confidential Information.

13. Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and that Order is not subject to an appellate stay within twenty (20) days after it is issued. Such disclosure shall not waive any rights or privileges of any party granted by this Order.

14. This Protective Order shall be without prejudice to the right of any party or non-party to bring before this Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, is subject to a valid claim of attorney-

client privilege, work product protection, or any other privilege, or whether any particular document or information should or should not be designated as "CONFIDENTIAL" in accordance with the terms of this Protective Order. Neither any party's failure to object to any designation of information as being "CONFIDENTIAL," nor anything contained in this Protective Order, shall be construed as a waiver of any rights and/or defenses by any party, including a claim that such information is not confidential and/or protectable, or construed in any manner as an admission by a party that the documents and/or materials subsequently designated or labeled by another party and/or non-party as "CONFIDENTIAL" in fact contains Confidential Information.

15. Nothing contained in this Protective Order shall be construed to constitute a waiver of a party's right to claim, within thirty (30) days after its disclosure, that a document not designated as "CONFIDENTIAL" is in fact Confidential Information within the terms of this Protective Order, including documents produced by non-Parties. No party shall be obligated to challenge the propriety of a designation of such information at the time such designation is made, and a failure to make such challenge shall not preclude a subsequent challenge to such designation.

16. If at any time a party wishes for any reason to dispute a designation of discovery material as confidential, such party shall notify the designating party of such dispute in writing, specifying by exact document numbers the material in dispute and the precise nature of the dispute with regard to each such document or other material. If the parties are unable amicably to resolve the dispute, the proponent of confidentiality may apply by motion to the Court for a ruling as to whether the designated material may, in accordance with Texas law, properly be treated as confidential, provided such motion is made within thirty (30) days from the date on which the parties, after good faith attempt, cannot resolve the dispute or such other time period as the parties may agree. The designating party shall have the burden of proof on such motion to establish the

propriety of its confidentiality designation.

17.     The parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of such privilege and/or protection.  Promptly upon discovering that any Privileged Information has been produced, the producing party shall notify the other party in writing.  Upon receipt of such notice, the receiving party shall not review such documents further (except for the purposes of identifying them for their return to the disclosing party and/or destruction) and shall either return all copies of the same to the producing party or destroy them.  No use shall be made of such documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.  The fact or circumstances of the inadvertent production may not be used by the returning party to support a motion to compel the returned documents.  Nothing contained herein is intended to, and/or does, constitute a waiver of any party's right to challenge any designation of Privileged Information and/or move to compel the production of such documents.

18.     In the event of a hearing or trial in this matter at which any party or third party intends to present information or materials designated hereunder as Confidential Information, counsel for the parties, and any third party, as applicable, will meet and confer to determine what safeguards are necessary to protect against the disclosure of the designated information or materials and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the parties, and any third parties, as applicable, shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures into the pre-trial order.  In the event, the parties are not able to determine what

safeguards are necessary to protect against the disclosure of the designated information or materials during the proceedings, each party reserves the right to bring the issue before the trial judge for further consideration. The Parties stipulate that any Confidential documents provided to the trial judge for review will be submitted under seal.

19. If at any time any Confidential Information protected by this Confidentiality Agreement or information produced in this litigation is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested, via formal discovery request or otherwise, by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall, within three (3) business days of receipt, give the designating party notice of said request. The party receiving notice of a pending discovery request, subpoena, or other inquiry, shall have three (3) business days to, in writing, advise the party from whom the discovery was requested of its intent to protect the confidentiality of the information sought, or of its decision to allow it to be disclosed. The party objecting to the disclosure of the Confidential Information shall take all steps it deems necessary at its own expense, including incurring and paying its own attorney's fees. It is acknowledged and agreed that any violation or threatened violation of this provision by any party will cause immediate and irreparable harm entitling the other party to obtain injunctive relief, including a temporary restraining order without notice pending a hearing on an application for preliminary injunction in addition to all other legal remedies available.

20. Nothing in this Protective Order shall be read to require a formal order of Court prior to use of designated information, so long as its use is consistent with the terms of this Protective Order.

21. Nothing in this Protective Order is intended to and/or does amend, relieve, and/or affect in any way any party or non-party's pre-existing duties to maintain the confidentiality of information that is presently or hereafter in its possession.

22. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nothing herein shall prevent any party from disclosing its own Confidential Information in any manner that it considers appropriate.

23. This order is enforceable by injunction and any violation or threatened violation of this order is enforceable by a request for injunction.

24. The terms of this Order shall survive and remain in effect after the termination of this litigation. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of this litigation.

25. Except as otherwise may be agreed by the parties, but not later than sixty (60) days after the termination of this litigation, whether by settlement, judgment or appeal, all copies of any information designated as "CONFIDENTIAL" shall be returned to the producing party or destroyed, except for material reasonably considered by counsel to be their work product. Counsel shall certify in writing to opposing counsel that all such information has been returned to the producing party or destroyed. Notwithstanding this obligation, counsel of record for each party may retain one copy of any designated materials and of any pleadings filed under seal herein, and one copy of each of transcripts containing designated material for their files.

26. The laws of the State of Texas shall govern this Order without reference to the principles of conflict of laws. The parties hereto agree to submit any dispute or claim in any way arising out of this Order to the Court presiding over the litigation if the litigation is still pending. If any portion of this agreement is deemed unenforceable, the unenforceable portion shall be severed and the remainder of the Protective Order shall remain in full force and effect. This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction following termination of the instant litigation for the purpose of enforcing any provisions of this Order.

Dated: _____February 6_____, 2023

SIGNED:

*Vernon Broderick*

Vernon S. Broderick
United States District Judge

Agreed to:

| | |
|---|---|
| */s/ Debbie E. Green* | */s/ Charles M. Rubio* |
| Guyon H. Knight | PARKINS & RUBIO LLP |
| MCDERMOTT WILL & EMERY LLP | Charles M. Rubio P.C. |
| One Vanderbilt Avenue | (NY Registration No. 4583134) |
| New York, New York 10017 | 100 Park Avenue, Suite 1600 |
| Telephone: (212) 547-5400 | New York, New York 10017 |
| gknight@mwe.com | Telephone: (212) 763-3331 |
| | crubio@parkinsrubio.com |
| Debbie E. Green | |
| MCDERMOTT WILL & EMERY LLP | ***Attorneys for Defendant Cheryl Tyler*** |
| 2501 North Harwood Street, Suite 1900 | |
| Dallas, Texas 75201 | |
| Telephone: (469) 715-4979 | |
| dgreen@mwe.com | |

***Attorneys for Plaintiff WFCM 2016-LC25 West Bay Area Boulevard, LLC***

# **EXHIBIT A**

## ACKNOWLEDGMENT AND CONSENT TO JURISDICTION

I, _____, acknowledge that I have been given a copy of and have read the foregoing Confidentiality Agreement, and I agree to be bound by its terms. I acknowledge and agree that any documents received by me in connection with this matter that have been designated as confidential including, without limitation, those marked "Confidential" and any copies, excerpts, summaries, abstracts and electronic versions of such documents, shall not be disclosed to and/or discussed with anyone except as expressly provided in the Confidentiality Agreement. I consent to the jurisdiction of the Circuit Court of Cook County for the purposes of enforcing the Confidentiality Agreement and penalizing violations thereof.

My address is _____, and my phone number is _____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2023 at _____.

_____
Signature