```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
WFCM 2016-LC25 WEST BAY AREA                             :
BOULEVARD, LLC,                                          :
                                                         :
                              Plaintiff,                 :
                                                         :       21-CV-8865 (VSB) (OTW)
              - against -                                :
                                                         :         OPINION & ORDER
CHERYL TYLER,                                            :
                                                         :
                              Defendant.                 :
                                                         :
---------------------------------------------------------X
```

Appearances:

Guyon H. Knight
Mound Cotton Wollan & Greengrass LLP
New York, NY

Debbie E. Green
McDermott Will & Schulte LLP
Dallas, TX
*Counsel for Plaintiff WFCM 2016-LC25 West Bay Area Boulevard, LLC*

Charles Michael Rubio
Parkins & Rubio LLP
New York, NY
*Counsel for Defendant Cheryl Tyler*

VERNON S. BRODERICK, United States District Judge:

   On October 29, 2021, Plaintiff WFCM 2016-LC25 West Bay Area Boulevard, LLC ("West Bay" or "Lender") filed suit against Defendant Cheryl Tyler ("Guarantor") to recover under a guaranty agreement ("Guaranty") that secured an $8.35 million loan for Kornbluth Texas, LLC ("Borrower"). Before me is the thorough and well-reasoned Report & Recommendation ("Report") of United States Magistrate Judge Ona T. Wang concerning the damages owed by Guarantor, after I had determined liability on West Bay's motion for summary

judgment.[1]  Judge Wang recommends that judgment be entered for Lender, awarding it a deficiency amount of $3,785,183.97, prejudgment interest at a rate of 10% per annum ($581.65 per day), post-judgment interest at a rate of 10% per annum, and attorneys' fees in the amount of $402,600.75.  For the following reasons, I ADOPT the Report in its entirety.[2]

## I. Legal Standard

After a magistrate judge has issued a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Trs. of Drywall Tapers & Pointers Loc. Union No. 1974 Benefit Funds v. Cite C Corp.*, No. 17-CV-9304, 2019 WL 1745743, at *1 (S.D.N.Y. Apr. 18, 2019) (internal quotation marks omitted).  Where specific objections are made, the court is obligated to review the contested issues de novo.  *See* Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).  However, when "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments," the court will review the report only for clear error.  *Jones v. Smith*, No. 09-CV-6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases).  "In addition, 'new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.'"  *Garcia v. Lamanna*,

---

[1] Guarantor also filed a motion to invoke her rights under Section 51.003 of the Texas Property Code.  (Doc. 45 ("Motion to Invoke Rights").)  However, on June 9, 2023, Guarantor conceded that she "waived her right to assert the fair market value credit under Texas Property Code section 51.003," and explained that she "is no longer advancing this argument."  (Doc. 50 at 6.)  Accordingly, on May 16, 2024, Judge Wang denied as moot Guarantor's Motion to Invoke Rights.  (Doc. 57.)

[2] The Report's detailed account of the facts and procedural history, to which no party objects, is incorporated by reference.

No. 18-CV-5454, 2022 WL 3445433, at *1 (S.D.N.Y. Aug. 17, 2022) (quoting *Razzoli v. Fed. Bureau of Prisons*, No. 12-CV-3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014)).

II.   **Discussion**

Guarantor objects to only one part of the Report—namely, Judge Wang's recommendation that I award Lender $153,427.50 as reimbursement for legal fees paid to Okin Adams Bartlett Curry LLP ("Okin"), the law firm that represented Borrower in bankruptcy proceedings. (Doc. 55 at 1.) Accordingly, I review de novo the Report's recommendation with respect to Okin's fees, and review for clear error its unobjected-to recommendations with respect to the deficiency amount, prejudgment interest, post-judgment interest, and the non-Okin related attorneys' fees.

A.   *Okin's Legal Fees*

Guarantor raises two objections to the Report's recommendation that I award Lender $153,427.50 of the legal fees it paid to Okin. First, Guarantor argues that the fees were not "incurred by Lender" as required by the Guaranty. (Doc. 55 at 1–2.) Second, Guarantor contends that at least one line item in Okin's fee summary—"employment applications"—constitutes "fees on fees" for which it is not responsible. (*Id.* at 4.)

Guarantor did not argue that the fees were not "incurred by Lender" to Magistrate Judge Wang. "In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) (alterations omitted) (quoting *Illis v. Artus*, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)). In both her initial opposition to Lender's brief in support of damages and in her sur-reply, Guarantor had every incentive and opportunity to raise

3

the arguments that Lender did not incur Okin's fees under the Guaranty or that the "employment applications" line item was simply "fees on fees" to Judge Wang. Yet she failed to do so, and failed to provide a credible reason for not doing so. I therefore deem these arguments forfeited.

Even if not forfeited, the arguments are unpersuasive. Guarantor's argument that Okin's legal fees were not "incurred by Lender" requires me to interpret the Guaranty.[3] To do so, I "examine the entire contract in an effort to harmonize and give effect to all provisions so that none is rendered meaningless." *Weeks Marine, Inc. v. Standard Concrete Prods., Inc.*, 737 F.3d 365, 369 (5th Cir. 2013). "A contract is unambiguous if it can be given a definite or certain legal meaning." *McLane Foodservice, Inc. v. Table Rock Rests., L.L.C.*, 736 F.3d 375, 378 (5th Cir. 2013). "Ambiguity does not arise because of a simple lack of clarity, or because the parties proffer different interpretations of the contract." *Id.* (internal quotation marks omitted). Ambiguity is found only where there are "two or more reasonable interpretations after applying the pertinent canons of construction." *Id.*

Under the Guaranty, Guarantor agreed that she "will reimburse Lender, to the extent that such reimbursement is not made by Borrower, for all reasonable out-of-pocket expenses (including counsel fees) incurred by Lender in connection with the collection of the Guaranteed Obligations or any portion thereof or with the enforcement of this Guaranty." (Doc. 1, Ex. C ("Guaranty") § 1.4.).) Applying the principles of contract interpretation to the Guaranty, I conclude that the Lender incurred the fees it paid to Okin. The term at issue here—"incur"—is defined as follows:

---

[3] Because the parties agree that Texas law applies to Lender's claims, (Doc 42 at 2 n.2; Doc. 46 at 4), I look to Texas law to interpret the Guaranty.

1. To acquire or come into (something usually undesirable); sustain: incurred substantial losses during the stock market crash.
2. To become liable or subject to as a result of one's actions; bring upon oneself: incur the anger of a friend.

*The American Heritage Dictionary of the English Language* (5th ed. 2022).

The second of the two definitions is relevant here. It provides that "incur" includes those liabilities that one becomes "subject to as a result of one's actions." *Id.* In other words, one can incur an expense by paying it. Lender therefore incurred Okin's fees by paying them. (*See* Doc. 44 ¶ 8.) Unable to escape the plain meaning of the Guaranty, Borrower pivots to arguing that Okin's legal fees are unreasonable. The only case she cites in support of that position—*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019)—is not helpful. There, the court held that the party seeking fees bears the burden of proving the fees are reasonable, which must include, "at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 498.

Lender has met its burden here. As Judge Wang explained, "the number of attorneys staffed appears reasonable, and the time is appropriately detailed and separated by task." (Doc. 54 at 22.) Judge Wang nonetheless reduced Okin's fees by five percent to account for a "vague and/or administrative entries." (*Id.*) Guarantor's objections fails to mention or acknowledge the five-percent reduction, let alone explain why anything more than a five-percent cut would be appropriate. Other than her conclusory assertion that hours billed for "employment applications" are "fees on fees," Guarantor fails to identify a single line item that was inappropriately billed. (Doc. 55 at 4.) Having independently reviewed the fees billed by Okin, I conclude that Judge

Wang's recommendation that Borrower reimburse Lender for $153,427.50 is entirely appropriate. Accordingly, I ADOPT the Report's recommendation as to Okin's legal fees.

### B. *Remaining Damages*

Because neither party has objected to the Report's recommendation concerning the deficiency amount of $3,785,183.97, prejudgment interest at a rate of 10% per annum ($581.65 per day), post-judgment interest at a rate of 10% per annum, and non-Okin related attorneys' fees, I have reviewed these aspects of the Report for clear error. *See Cite C Corp.*, 2019 WL 1745743, at *1. Finding no error, let alone clear error, I ADOPT these parts of the Report.

### III. Conclusion

For the foregoing reasons, I ADOPT the Report in its entirety and GRANT Lender's motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment against Defendant and award Plaintiff the following amounts:

1) A deficiency amount of $3,785,183.97;

2) Prejudgment interest at a rate of 10% per annum ($581.65 per day);

3) Post-judgment interest at a rate of 10% per annum; and

4) Attorneys' fees in the amount of $402,600.75.

SO ORDERED.

Dated: August 22, 2025
       New York, New York

Vernon S. Broderick
United States District Judge